**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **NIDELKA BENSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL NO. 3.06cv825 |
| ) | |
| **MARY HINMAN,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court upon referral by the district court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) on the Defendants' motions to dismiss for failure to state a claim upon which relief can be granted (docket entry nos. 4, 5, and 7). See Fed. R. Civ. P. 12(b)(6). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process. For the reasons stated below, it is RECOMMENDED that the Defendants' Motions be GRANTED.

## I. Material Facts

Because this case arises from a motion to dismiss, the facts as alleged in the "Complaint"[1]

---

[1] Although Benson's initial pleading establishing the relevant facts is untitled and does not contain numbered paragraphs setting forth her particular claims, see Fed. R. Civ. P. 10(a)-(b), it appears that Benson intended the document as her Complaint and, given her *pro se* status, it will be treated as such for purposes of the motions to dismiss. Citation of the Complaint will be made to the appropriate page number. For example, "(Compl. 2)" indicates that the cited allegation can be found on the second page of Benson's Complaint.

must be taken as true and viewed in the light most favorable to the Plaintiff, Nidelka Benson ("Benson"). See Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005) (citation omitted). And, since Benson is proceeding *pro se*, the Court is obliged to construe her pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Benson's Complaint appears to seek relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by claiming that the Defendants failed to properly compensate her for overtime hours spent caring for an elderly resident who was receiving healthcare services.

In February 2001, Benson signed an employment contract with Bridges Senior Care (not a named defendant), a daycare and home healthcare provider operated by Defendant Carol Ewing ("Ewing"). (Compl. 1.) On June 14, 2003, Benson was assigned to provide healthcare services for Defendant Mary Hinman ("Hinman") who was attempting to recover from a bout with pneumonia. (Compl. 1.)

After her first pay period, Benson noticed a discrepancy in her earnings, and she brought the discrepancy to Ewing's attention. (Compl. 1.) Benson contends that she worked 65 hours at the rate of $12.00/hr., and was paid $780.00 for her efforts, a sum she believes to have been insufficient.[2] "Another six weeks went by without correction to" Benson's earnings, at which time she contacted the United States Department of Labor ("DOL") regarding the alleged deficiency in her compensation. (Compl. 1-2.) The DOL responded by forwarding to Benson a pamphlet explaining the application of the FLSA to certain domestic workers, and Benson

---

[2] This is so because the FLSA establishes a forty-hour workweek for covered employees and provides for compensation at a time-and-a-half for those weekly hours in excess of forty. See 29 U.S.C. § 207(a)(1). Presumably, Benson would argue that she worked an additional twenty-five hours, and that she should have been paid $18.00/hr. (*i.e.*, 1.5 times Benson's regular rate) for those additional efforts.

-2-

thereafter provided the pamphlet to Ewing. (Compl. 1-2.)

Benson further asserts that she and Hinman entered into a "mutually agreeable settlement," but that in or about October 2003, Defendant Gail Ford ("Ford") (Hinman's step-grand-daughter) "decided that the Settlement offer rendered was improper and subsequently rescinded it." (Compl. 2.) "In fact, [Ford] asserted that [Benson] was not entitled to any overtime compensation because the company and [] Ford had a separate contract waiving the overtime." (Compl. 2.) Benson maintains that she "never agreed to waive [her] rights to receive overtime compensation for hours worked [sic] excess of a forty hour Workweek." (Compl. 2.) Nothing in the Complaint suggests the contents of such a settlement or even mentions what rights or obligations it sought to "settle" or resolve. Nor is the purported settlement attached as an exhibit to the Complaint.

In sum, Benson alleges that "BRIDGES SENIOR CARE VIOLATED THE [FLSA] BY ENTERING IN [sic] A CONTRACT WITH [] FORD AND [] HINMAN, TO PROVIDE [HINMAN] HEALTH CARE SERVICES THAT DID NOT PROTECT MY RIGHT TO RECEIVE OVERTIME PAYMENTS AFTER [sic] FORTY (40) HOUR WORKWEEK." (Compl. 2.) (original typeface). The Defendants' argue that the FLSA's statute of limitations operates to bar Benson's claims in this matter.

## II.  Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. The Defendants' Rule 12(b)(6) motions should not be granted "unless after accepting all well-pleaded allegations in [Benson's] complaint as true and drawing all reasonable factual inferences

from those facts in [Benson's] favor, it appears certain that [Benson] cannot prove any set of facts in support of [her] claim entitling [her] to relief." Chao, 415 F.3d at 346 (citation omitted). Stated differently, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Even though the Court is obligated to construe Benson's pleadings liberally given her *pro se* status, see Haines, 404 U.S. at 520-21, the Court is not at liberty to re-write her Complaint so as to make it legally cognizable under the Federal Rules of Civil Procedure, see Basnight v. HRSA-ILA, Mgmt., 2006 U.S. Dist. LEXIS 74374, at * 39 (E.D. Va. Sept. 28, 2006) (citations omitted).

### III.  Analysis

**A.  Statute of Limitations in FLSA Cases**

It is clear that Benson's suit seeks recovery for unpaid wages due her under the FLSA. The FLSA provides a two-year statute of limitations for ordinary overtime wage claims, and a three-year limitations period for those violations alleged to be "willful":

> Any action . . . to enforce any cause of action for . . . unpaid overtime compensation . . . under the [FLSA] . . .
>
> (a) . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]

29 U.S.C. § 255(a).  A cause of action for unpaid overtime compensation "accrues at each regular payday immediately following the work period during which services were rendered and for which overtime compensation is claimed." Truslow v. Spotsylvania County Sheriff, 783 F.

Supp. 274, 279 (E.D. Va. 1992) (Ellis, J.) (citing Mitchell v. Lancaster Milk Co., 185 F. Supp. 66 (M.D. Pa. 1960)); see also 29 C.F.R. § 790.21(b) ("The courts have held that a cause of action under the [FLSA] for . . . unpaid overtime compensation . . . 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends.").

Here, the earliest period from which Benson could claim unpaid compensation is June 14, 2003, the date on which she started providing care for Hinman. (Compl. 1) ("On June 14, 2003, I was given the assignment to care for [] Hinman . . . ."). Benson first noticed a discrepancy in her earnings "[a]fter [her] first pay period" and also following her second pay period. (Compl. 1.) "Another six weeks went by without correction to [her] earnings," after which she contacted the DOL. (Id.) Further issues regarding compensation persisted into October 2003, when the overtime dispute remained unresolved. Benson does not allege that she performed any further services for Hinman after October 2003 so, at the absolute latest, the overtime compensation sought by Benson is from a date no later than November 2003. This date is confirmed by the DOL letter attached as an exhibit to the Complaint. (Compl., Ex. 1) (noting that Benson is alleging she is "due back wages for unpaid overtime compensation for the period June 14, 2003 through November, 2003.").

Thus, Benson's claims for overtime wages would have accrued in November 2003. Benson did not file her Complaint, however, until December 18, 2006 (docket entry no. 3), more than three years from the time her FLSA action accrued. As such, even if Benson's Complaint could be construed as alleging a "willful" violation of the FLSA, her lawsuit is untimely, and it must be dismissed unless she has alleged sufficient facts to toll the limitations period.

**B. Equitable Tolling of the Limitations Period**

In her Response to the Defendants' Motions to Dismiss, Benson alleges that she was incarcerated for a period of time and that such incarceration prevented her from timely filing the present suit.[3]  (Pl.'s Resp. at 2) (docket entry no. 18.)  In other words, Benson contends that her incarceration equitably tolled the FLSA's limitations period for filing her Complaint.  Relying on Supreme Court precedent, the Fourth Circuit has defined the parameters for prevailing on an equitable tolling claim:

> The circumstances under which equitable tolling has been permitted are therefore quite narrow.  Equitable tolling has been allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  Irwin v. Dep't of Veterans, 498 U.S. 89, 96 (1990).  We have also recognized that equitable tolling is appropriate when "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time."  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (quoting Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996)).  Equitable tolling is not appropriate, however, "where the claimant failed to exercise due diligence in preserving his legal rights."  Irwin, 498 U.S. at 96.

Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (2002).  Equitable tolling applies to the FLSA because the doctrine "is read into every federal statute of limitation."  Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946); Smith v. Husband, 376 F. Supp. 2d 603, 615 (E.D. Va. 2005).

---

[3] Benson claims she was incarcerated from October 23, 2003 to November 14, 2003; from December 8, 2004 to September 15, 2005; and from March 14, 2006 to October 17, 2006. (Pl.'s Resp. at 1-2.)  Accordingly, Benson would have been incarcerated for a total of 17 months after her cause of action accrued and prior to the time her suit was filed in this Court.  Therefore, even if the Court were to consider such the circumstance of her incarceration, Benson's incarceration conclusively indicates that she did not work for the Defendants any time *after* October 23, 2003, thus confirming the latest period on which her FLSA claim could have accrued (November 2003).

The issue of her incarceration and whether that circumstance tolled the applicable statute of limitations is not pled in Benson's Complaint.  Rather, it was only raised in her response to the Defendants' motions to dismiss.  But notwithstanding this procedural hurdle, Benson's incarceration argument, in and of itself, does not toll the limitations period such that her FLSA claim can be considered timely.  This is so because incarceration alone is insufficient to equitably toll the applicable limitations period.  See, e.g., Tenamee v. Schmukler, 438 F. Supp. 2d 438, 444 (S.D.N.Y. 2006) ("Although [plaintiff] was in prison throughout the limitations period, incarceration, in itself, does not rise to the level of the 'rare and exceptional circumstances' that would move the Court to toll the statute of limitations."); Murphy v. Caroll, 2003 U.S. Dist. LEXIS 23937, at *9 (D. Del. Oct. 29, 2003) (to the same effect).  Additionally, there is no reason why Benson could not have filed her lawsuit during the periods she was *not* incarcerated, especially the period from September 15, 2005 to March 14, 2006 (a six-month period).  Not to mention that Benson *did* find the time to write the DOL regarding her lack of overtime pay on July 6, 2006, at which time she was apparently incarcerated.  If there was the opportunity for her to write the DOL from prison, she also had the opportunity to file the instant suit in a timely fashion, especially since she received a response from the DOL more than two months before she was released from prison on the third and final occasion.  (Compl., Ex. 1.)

There is no allegation that the Defendants "induced or tricked" Benson "into allowing the filing deadline to pass"; nor is there any indication that Benson attempted to file suit before the limitations period expired.  The Court, therefore, deems Benson's Complaint untimely because she "failed to exercise due diligence in preserving [her] legal rights."  Irwin, 498 U.S. at 96.

**C. Other Issues**

Benson's remaining arguments in her Response assert facts not originally pled in her Complaint, and thus are improperly raised and may not be considered in conjunction with the Defendants' motions to dismiss. For example, Benson attempts to establish a new accrual date for her FLSA claim by asserting that the "Defendants [sic] willful violation of the [FLSA] did not occur until January of 2004 when Defendant Ford negated [Benson] the right to overtime already paid by Defendant Hinman."[4] (Pl.'s Resp. at 1.) Benson also attempts to seek relief for her "emotional distress and defamation . . . due to Defendants [sic] actions against her." (Id. at 2.) Benson did not raise these substantive issues in her Complaint, and it is improper for her to raise them in a reply brief to the Defendants' motions to dismiss. See Davis v. Cole, 999 F. Supp. 809, 813 (E.D. Va. 1998) ("The court may not consider additional allegations when ruling on a motion to dismiss and must consider the facts asserted in the complaint, and attached exhibits, to be true."). Indeed, "[t]he purpose of a motion to dismiss is to assess the validity of the *pleadings*. To require the trial courts to accept as true factual allegations made in legal memoranda, which form no part of the official record, when those allegations directly contradict the facts set forth in the complaint would be to stretch Rule 12(b)(6) far beyond even the generous pleading standards that we apply to *pro se* plaintiffs." Henthorn v. Dep't of Navy, 29 F.3d 682, 688 (D.C. Cir. 1994) (emphasis in original and internal citation omitted). Moreover, she cannot seek to amend her defective Complaint through allegations made in a legal brief. See Zachair, Ltd. v. Driggs, 965 F. Supp. 741, 748 (D. Md. 1997). As such, any additional or conflicting claims Benson raised in her

---

[4] This statement directly contradicts Benson's earlier assertion that Ford's attempts to deny Benson overtime compensation occurred in October 2003. (Compl. 2.)

Response to the Defendants' motions to dismiss are without merit or, at the very least, inappropriate for the Court to consider at this particular juncture.

Even if Benson's Complaint were evaluated on the merits, it is clear that it would still fail to state a claim for relief for unpaid overtime compensation under the FLSA. To survive a Rule 12(b)(6) motion to dismiss, a complaint need only "allege *facts* sufficient to *state* elements" of the claim. Rivendell Woods, 415 F.3d at 349 (emphasis in original) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Employees are covered by the FLSA if, *inter alia*, a true employment relationship exists between the employee and the employer. The face of the Complaint does not allege facts with which this Court could infer that an employer-employee relationship existed between Benson and Defendant Ford. See 29 U.S.C. § 203(d) (defining "employer"). Nor are facts pled that would suggest a similar relationship existed between Benson and Defendant Hinman. Although Benson contracted with Bridges Senior Care to provide home healthcare services to Hinman (Compl. 1), the Complaint fails to sufficiently allege facts that would establish that Hinman was Benson's "employer" for purposes of the FLSA. Thus, even assuming *arguendo* that the statute of limitations did not bar Benson's claims, the Complaint nonetheless fails to allege facts sufficient to state a claim under the FLSA.

## IV. Conclusion

"Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, less circumstances of individualized hardship supplant the rules of clearly grafted statutes." Chao v. Va. Dep't of Transp., 291 F.3d at 283. Indeed, "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Id. at 284 (quoting Baldwin

County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)).  Benson has failed to demonstrate an "extraordinary circumstance" sufficient to toll the applicable statute of limitations.  Moreover, even under the most liberal of constructions, her Complaint fails to state a claim for overtime compensation under the FLSA.  For all these reasons, it is RECOMMENDED that the Defendants' Motions to Dismiss be GRANTED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Robert E. Payne and all counsel of record.

It is so ORDERED.

### Notice to Parties

**Notice is hereby given to the parties of the provisions of 28 U.S.C. 636(b)(1)(C): Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court.  Failure to timely file written objections to these proposed findings and recommendations within ten (10) days may waive appellate review.**

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: April 6, 2007