IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NIDELKA BENSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 3.06cv825 |
| MARY HINMAN, *et al.* | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court upon referral by the district court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) on the Plaintiff's Motion to Add Additional Plaintiffs (docket entry no. 26). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process. For the reasons stated below, it is RECOMMENDED that the Plaintiff's Motion be DENIED.

### Material Facts and Analysis

Most of the relevant facts that form the basis of the instant suit are summarized in this Court's prior Report and Recommendation ("R&R") filed April 6, 2007. See Benson v. Hinman, No. 3:06cv825, slip op. at 1-3 (E.D. Va. Apr. 6, 2007) (docket entry no. 25). On April 10, 2007 (and prior to any formal objection to this Court's R&R), the Plaintiff filed a Motion to Add Additional Plaintiffs ("Pl.'s Mot."). The Plaintiff's motion consists of two brief typewritten

paragraphs seeking to add six additional plaintiff's as parties to the instant suit "on the grounds of pain and suffering as well [sic] emotional distress." Additionally, the motion requests that damages be awarded in the amount of sixty million dollars ($60,000,000.00). No facts are pled detailing the relationship between these potential plaintiffs and the named Plaintiff, nor does the motion indicate a purported factual connection between the additional plaintiffs and the named Defendants that would establish an injury in need of redress or otherwise state a claim for relief. No amended complaint was attached to the Plaintiff's motion. The Defendants claim that the Plaintiff's motion is without merit (docket entry nos. 27, 32.)

Even though the Court is obligated to construe the Plaintiff's pleadings liberally given her *pro se* status, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court is not at liberty to re-write her pleadings so as to make them legally cognizable under the Federal Rules of Civil Procedure, this Court's local rules, or to otherwise place them in conformity with the orders entered by this Court, see Basnight v. HRSA-ILA, Mgmt., Civil No. 2:04cv782, 2006 U.S. Dist. LEXIS 74374, at * 39 (E.D. Va. Sept. 28, 2006) (citations omitted); see also Kirby v. Richmond Redevelopment & Hous. Auth., Civil No. 3:04cv791, 2005 U.S. Dist. Lexis 43547, at *8 (E.D. Va. Sept. 13, 2005) (noting that "a litigant's *pro se* status will not excuse the failure to comply with a scheduling order or other procedural rules.") (citations omitted), *adopted by*, 2005 U.S. Dist. LEXIS 43546 (E.D. Va. Sept. 28, 2005). At this time, it is simply impossible for this Court to determine, from the three sentences pled in the Plaintiff's motion, the relevance of the individuals sought to be added as additional parties or why their joinder in this lawsuit would otherwise be appropriate. See, e.g., Fed. R. Civ. P. 20(a) (permitting joinder of parties if they claim relief "arising out of the same transaction, occurrence, or series of transactions or

occurrences and if any question of law or fact common to all these persons will arise in the action."). For example, although the Plaintiff's suit arises out of the Defendants' alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Plaintiff's Motion to Add Additional Plaintiffs provides no facts which would support an employer-employee relationship between the proposed, new plaintiffs and the Defendants.  Nor are facts pled which could form the basis for the possible justification of the significant sum of damages sought by the Plaintiff.  The Plaintiff's motion presents no facts with which this Court could determine that the strictures of Rule 20 have been satisfied, or even whether the necessary amending of the Plaintiff's complaint would be appropriate under Rule 15.  See Fed. R. Civ. P. 15(a) (following the service of a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party.").  Additionally, no facts are pled which would alter this Court's prior determination that the Plaintiff's claim is barred by the FLSA's two or three-year statute of limitations periods.  See 29 U.S.C. § 255(a).  Accordingly, it is RECOMMENDED that the Plaintiff's Motion to Add Additional Plaintiffs be DENIED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Robert E. Payne and all counsel of record.

It is so ORDERED.

### Notice to Parties

**Notice is hereby given to the parties of the provisions of 28 U.S.C. 636(b)(1)(C): Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court.  Failure to timely file written objections**

**to these proposed findings and recommendations within ten (10) days may waive appellate review.**

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: 4/30/07